UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISIAH LAWSON, | Honorable Madeline Cox Arleo |
| Plaintiff, | Civil Action No. 10-2955 (SDW) |
| -v- | |
| OFFICER BORRERO, et al., | REPORT AND RECOMMENDATION |
| Defendants, | |

This matter comes before the Court on behalf of Defendant, the Borough of Wood-Ridge ("the Borough") by letter application, (Dkt. Entry 35), to renew its motion to dismiss the Complaint for the failure of Pro se Plaintiff, Isiah Lawson ("Plaintiff") to comply with orders of this Court. (Dkt. Entry 27). Plaintiff has submitted no opposition to the motion. For the reasons set forth below, the Court respectfully recommends that the motion to dismiss be **GRANTED**.

BACKGROUND

On June 9, 2010, Plaintiff brought this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants the Wood-Ridge Police Department ("Police Department"), the Borough, and individual police officers (sometimes collectively "Defendants"). Plaintiff's claims arise out of the defendant police officers' alleged use of excessive force against him during his arrest. At the time Plaintiff filed the Complaint, he was incarcerated at the Passaic County Jail, located at 11 Marshall Street in Paterson, New Jersey.[1]

---

[1] On September 3, 2010, while incarcerated at the Passaic County Jail, plaintiff sought pro bono counsel. After he was subsequently transferred to the state prison in Bridgeton, New

On July 23, 2010, District Judge Wigenton issued an Order, directing, among other things, that all claims against the Police Department by construed as against the Borough; that the Police Department be terminated as a defendant; that the Borough be added as a defendant; that the Clerk of the Court issue summons; and that the United States Marshal serve a copy of the Complaint, summons, and copy of Judge Wigenton's Order upon Defendants ("Judge Wigenton's July 23, 2010 Order").[2]

On July 29, 2010, the Clerk of the Court issued summonses to the individual defendants as well as the "Township of Woodbridge," and sent the summonses, along with the United States Marshal form 285, to Plaintiff as well as a copy of Appendix H to the Local Civil Rules and application for pro bono counsel. Plaintiff completed and forwarded to the United States Marshal the Summons to be served on the individual defendants as well as the properly named defendant Borough of Wood-Ridge.

As it relates to this report and recommendation, on December 16, 2010, an executed return of service for the Borough was filed on the official docket. On January 6, 2011, the Borough filed an Answer to the Complaint. On January 31, 2011, this Court issued an Order, advising the parties that it would issue a Scheduling Order on March 7, 2011. The Order also directed the parties to submit, on or before March 7, 2011, their estimated time for completing discovery, amending the pleadings, and filing dispositive motions ("January 31, 2011 Order"). The January 31, 2011 Order

---

Jersey, on March 22, 2011, plaintiff supplemented his request for counsel. On September 13, 2011, this Court denied plaintiff's application.

[2] On January 5, 2011, Judge Wigenton issued an Amended Order to correct a typographical error contained in the Court's July 23, 2010 Order, which mistakenly referred to defendants the Borough of Wood-Ridge and the Wood-Ridge Police Department as defendants "Township of Woodbridge" and the "Woodbridge Police Department."

was served on Plaintiff at the Passaic County Jail.

On February 1, 2011, Judge Wigenton's January 5, 2011 Order, among other court filings, were returned to the Clerk's Office as "undeliverable" because Plaintiff had been transferred to the South Wood State Prison, located at 215 Burlington Road, in Bridgeton, New Jersey. On February 4, 2011, defense counsel wrote to the Court, advising that he attempted unsuccessfully to serve a copy of the Borough's filed Answer on Plaintiff at the Passaic County Jail. Defense counsel noted that Plaintiff apparently had been released from prison. Defense counsel also indicated that he located the following residential address for Plaintiff: "157 Dayton Place, Newark, New Jersey 07114" ("Newark address"). Defense counsel stated his intent to serve Plaintiff with the Answer and a copy of this Court's January 31, 2011 Order at the Newark address. Finally, defense counsel provided the Court with the Borough's requested time for completing discovery and intent to file a dispositive motion seeking dismissal of the Complaint against the Borough.

On February 15, 2011, the Court's January 31, 2011 Order was returned to the Clerk's Office as "undeliverable." On February 23, 2011, defense counsel wrote to the Court, advising that he sent a copy of the Court's January 31, 2011 Order on February 4, 2011 to the Newark address, and that the Order had not been returned as "undeliverable." Nonetheless, according to defense counsel, Plaintiff had never contacted him to discuss the case.

On March 16, 2011, the Court issued a Scheduling Order, setting forth a July, 1, 2011 deadline for discovery; an April 1, 2011 return date for amending the pleadings; an April 1, 2011 deadline for serving written discovery and Rule 26 disclosures; and a deadline for filing dispositive motions thirty (30) days after the close of discovery. The Order admonished that non-compliance with any of the deadlines set forth therein would result in the imposition of sanctions, including

dismissal or default ("March 16, 2011 Order").

On April 29, 2011, defense counsel again wrote to the Court, explaining that, in compliance with the Court's March 16, 2011 Order, the Borough had served Plaintiff with its Rule 26 disclosures and written discovery on March 25, 2011. Yet, Plaintiff had neither responded to defendant's discovery nor served his own written discovery or Rule 26 disclosures. As such, defense counsel sought leave to move to dismiss the Complaint based on plaintiff's failure to comply with the Court's orders and his own discovery obligations. The Court granted the Borough's request, and on May 19, 2011, the Borough filed a motion to dismiss. (Dkt. Entry 27).

On June 13, 2011, this Court, on its own initiative, confirmed that Plaintiff has been incarcerated at the South Woods State Prison. Indeed, in his March 22, 2011, supplemental submission in support of his pro bono application, Plaintiff acknowledged that he has been transferred to the South Woods State Prison during the pendency of this suit.

Nonetheless, on June 20, 2011, out of an abundance of caution, the Court issued an Order, addressed to Plaintiff at the state prison, enclosing a copy of the Borough's motion to dismiss. The Court directed Plaintiff to file any opposition by July 8, 2011. Yet, neither the Court nor defense counsel received any opposition from Plaintiff by the court imposed deadline.

Rather, on October 24, 2011, the Court received a letter from Plaintiff, dated October 18, 2011, seeking the Court's assistance in contacting attorney Herbert McDuffy, Jr., whom Plaintiff claims to have retained as counsel in this action.[3] Importantly, in his October 18th, correspondence,

---

[3] In its Order of September 13, 2011, denying Plaintiff's application for pro bono counsel, the Court noted that neither Mr. McDuffy nor any other attorney had entered an appearance on Plaintiff's behalf in this action. Thus, since the inception of the case, Plaintiff has been representing himself pro se. In any event, as the Court explained, it is incumbent upon litigants to communicate directly with their counsel. In its October 28, 2011, the Court reiterated

Plaintiff does not state whether he opposes the Borough's motion to dismiss nor does he ask for any extension to respond to same.

Again, out of an abundance of caution, on October 28, 2011, this Court issued an Order, advising Plaintiff, among other things, that the Borough had filed a motion to dismiss based his failure to provide any prior responses to discovery and comply with Court Orders requesting him to provide this Court with estimates of time for completing discovery. In its October 28th Order, the Court provided Plaintiff thirty (30) additional days to respond to the Borough's outstanding discovery (interrogatories and document requests). The Order directed Plaintiff to send his discovery responses directly to attorney Harry Norton, the Borough's counsel of record. The Order warned that failure to do so by November 30, 2011 shall result in dismissal of Plaintiff's case. Mr. Norton was directed to immediately send an additional copy of the discovery requests to Plaintiff. In light of the foregoing, the Borough's motion to dismiss was denied without prejudice. However, in its Order, the Court cautioned Plaintiff that, in the event he failed to provide discovery by November 30, 2011, the Borough could then renew its motion by letter application.

On December 2, 2011, Mr. Norton wrote to the Court, stating that he had properly served a copy of the Court's October 28th, Order on Plaintiff. Yet, Plaintiff did not provide discovery responses at all, let alone by the court imposed November 30, 2011, deadline. As such, Mr. Norton requested that the Court grant the Borough's motion to dismiss based on Plaintiff's failure to comply with the Court's Orders.

On December 8, 2011, the Court issued an Order to show cause why Plaintiff's Complaint should not be dismissed for failure to provide discovery as per the Court's October 28, 2011 Order.

---

Plaintiff's pro se status in this action.

The December 8th Order admonished that failure to provide discovery and so advise the Court shall result in sanctions up to and including dismissal of the Complaint. Plaintiff was directed to file any written submissions with the court no later than January 9, 2012. Yet, Plaintiff failed to do so.

On January 9, 2012, Mr. Norton again wrote to the Court, advising that Plaintiff had not served responses to the Borough's outstanding discovery requests, pursuant to the Court's October 28th, Order. Mr. Norton, however, did note that on January 6, 2011, he received a telephone call from an individual representing that she was the "'stepmother'" of Plaintiff. According to Mr. Norton, the individual acknowledged that discovery was outstanding although she did not request an extension on behalf of Plaintiff. Mr. Norton advised the individual that he was seeking dismissal of Plaintiff's Complaint against the Borough only. In light of Plaintiff's continued non-compliance, Mr. Norton renewed the Borough's motion to dismiss.

To date, Plaintiff has neither responded to the outstanding discovery nor otherwise attempted to communicate with the Court to explain his dilatory conduct.

## DISCUSSION

Plaintiff's failure to prosecute this action and comply with his discovery obligations and this Court's orders requires the Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative

sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis. Id.

    1.    <u>The Extent of the Party's Personal Responsibility</u>

Other than filing a Complaint, seeking appointment of counsel, and requesting the Court's assistance in contacting attorney McDuffy, Plaintiff has demonstrated an unwillingness to prosecute this action. His has conducted no discovery. Furthermore, Plaintiff has failed to comply with this Court's Orders of January 31, 2011, March 16, 2011, June 20, 2011, October 28, 2011, and December 8, 2011, which included, among other things, providing the Court with estimations for completing discovery as well as deadlines for responding to written discovery and submitting opposition to the Borough's motion to dismiss. In short, Plaintiff's failure to comply with the Court's Orders, conduct discovery, oppose the motion to dismiss, and otherwise communicate with the Court or defense counsel demonstrates his personal lack of responsibility in prosecuting his claim. Accordingly, such conduct weighs in favor of dismissal.

    2.    <u>Prejudice to the Adversary</u>

Second, Plaintiff's repeated failure to engage in discovery, oppose the motion to dismiss, or otherwise respond to Court orders has made it nearly impossible to determine his interest in pursuing this action; for discovery to proceed; for dispositive motions to be properly filed on the merits; and preclude a resolution of this matter. I am satisfied that the Borough has been prejudiced by Plaintiff's failure to prosecute this case and comply with the Court's orders.

    3.    <u>A History of Dilatoriness</u>

Third, Plaintiff's actions indicate a recent history of non-compliance. As noted above, Plaintiff has failed for nearly eight months to participate in discovery. Yet, on March 16, 2011,

Plaintiff wrote to the Court, seeking appointment of pro bono counsel. He again wrote to the Court on October 18, 2011, seeking assistance with contacting an attorney whom he claimed to have retained. As such, Plaintiff has clearly demonstrated an ability to correspond with the Court. However, he has failed to comply with this Court's Orders or provide any explanation for his failure to do so.

    4.    <u>Whether the Attorney's Conduct was Wilful or in Bad Faith</u>

The fourth <u>Poulis</u> factor is not applicable here because Plaintiff is appearing as a <u>pro se</u> litigant. Yet, Plaintiff has not provided this Court with any justification for his non-compliance during the past eight months. I am satisfied that Plaintiff has made a willful decision not to litigate this civil action as demonstrated by his recent pattern of refusing to engage in discovery and his failure to comply with Court orders.

    5.    <u>Alternative Sanctions</u>

Fifth, alternative sanctions would not be appropriate. Plaintiff has demonstrated an apparent lack of desire to prosecute this civil action.

    6.    <u>Meritoriousness of the Claim</u>

Finally, as to the sixth factor, I cannot determine the meritoriousness of the claims based upon my review of the pleadings.

A balancing of the <u>Poulis</u> factors weighs in favor of dismissing this action with prejudice. Not all of the <u>Poulis</u> factors need to be satisfied in order to enter a dismissal. <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992). Here, Plaintiff has failed both to prosecute this action and to comply with orders of this Court. As such, discovery cannot proceed, a final pretrial conference cannot be scheduled, and dispositive motions cannot be filed on the merits. Therefore, the sanction of

dismissal is merited.

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's Complaint as against the Borough of Wood-Ridge be dismissed with prejudice. The parties have fourteen (14) days from receipt hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

Dated: January 20, 2012